1  JEREMY W. FAITH (SBN 190647)
   *Jeremy@MarguliesFaithLaw.com*
2  MEGHANN A. TRIPLETT (SBN 268005)
   *Meghann@MarguliesFaithLaw.com*
3  NOREEN A. MADOYAN (SBN 279227)
   *Noreen@Marguliesfaithlaw.Com*
4  **MARGULIES FAITH LLP**
   16030 Ventura Boulevard, Suite 470
5  Encino, CA  91436
   Telephone: (818) 705-2777
6  Facsimile:  (818) 705-3777

7  Attorneys for Plaintiff, Peter J. Mastan, Chapter 7 Trustee

8
                    **UNITED STATES BANKRUPTCY COURT**
9                   **CENTRAL DISTRICT OF CALIFORNIA**
                    **LOS ANGELES DIVISION**
10

11 | In re                                    | Case No.:  2:17-bk-21270-ER

12 | KEYSTONE TEXTILE, INC.,                  | Chapter 7

                                    Debtor. | Adv. No.: _____
13

14 |                                          | **COMPLAINT FOR:**

15 | PETER J. MASTAN, Chapter 7 Trustee,      | **(1) AVOIDANCE OF ACTUAL
                                              |     FRAUDULENT TRANSFERS [11
                                Plaintiff,    |     U.S.C. 544(b) 548(a)(1)(A) and 550(a),
16 | v.                                        |     and Cal. Civ. Code §§ 3439.04(a) and
                                              |     3439.07];**
17 | JI YOUNG KIM, an individual; and DOES    | **(2) AVOIDANCE OF CONSTRUCTIVE
     1-10, Inclusive,                         |     FRAUDULENT TRANSFERS [11
18 |                                          |     U.S.C. §§ 544(b), 548(a)(1)(B), and
                                Defendants.   |     550(a), and Cal. Civ. Code §§
19 |                                          |     3439.04(b) or 3439.05 and Cal. Civ.
                                              |     Code § 3439.07]; AND**
20 |                                          | **(3)  RECOVERY OF AVOIDED
                                              |     TRANSFER [11 U.S.C.§ 550(a)]**
21

22 |                                          | [Date and Time to be Set by Court]

23 |                                          | Date:
                                              | Time:
24 |                                          | Crtrm:

25

26

27

28

1    **TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY**

2    **JUDGE:**

3         Plaintiff Peter J. Mastan (the "Plaintiff"), the Chapter 7 Trustee for the estate of

4    debtor Keystone Textile, Inc. (the "Debtor"), hereby brings this "Complaint For: (1)

5    Avoidance Of Actual Fraudulent Transfer [11 U.S.C. §§ 544(b), 548(a)(1)(A), 550(a); and

6    Cal. Civ. Code §§ 3439.04(a) and 3439.07]; (2) Avoidance of Constructive Fraudulent

7    Transfer [11 U.S.C. §§ 544(b), 548(a)(1)(B), 550(a), and Cal. Civ. Code §§ 3439.04(b) or

8    3439.05 and Cal. Civ. Code § 3439.07]; and (3) Recovery of Avoided Transfer [11 U.S.C.

9    § 550(a)]" (the "Complaint") and respectfully alleges the following upon knowledge,

10   information, and belief:

11   **JURISDICTION**

12        1.     The Court has jurisdiction over this adversary proceeding and its subject

13   matter pursuant to 28 U.S.C. §§ 157(b)(1), and 1334(a) in that this proceeding arises in

14   and relates to the bankruptcy case of *In re Keystone Textile, Inc.*, Case No. 2:17-bk-

15   21275-ER (the "Bankruptcy Case") presently pending in the United States Bankruptcy

16   Court for the Central District of California.  This proceeding also "arises under" title 11 as

17   it involves a cause of action created or determined by a statutory provision of title 11.  *See*

18   *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995).  This action is a core proceeding

19   under 28 U.S.C. § 157(b)(2)(A), (H), and (O).  Plaintiff consents to entry of final judgment

20   and orders by the Bankruptcy Court.

21   **VENUE**

22        2.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and

23   1409 because this adversary proceeding arises under and in connection with a case filed

24   under Title 11 which is pending in this district.  The Court also has personal jurisdiction

25   over each of the Defendants.

26   **THE PARTIES**

27        3.     Plaintiff Peter J. Mastan ("Plaintiff"), Chapter 7 Trustee for the bankruptcy

28   estate of Keystone Textile, Inc. (the "Debtor"), brings this action solely in his capacity as

1    the Chapter 7 Trustee for the Debtor's estate.

2       4.      Plaintiff is informed and believes that defendant Ji Young Kim ("Ji Young")

3    is an individual, subject to the jurisdiction of this Court.

4       5.      Plaintiff is not aware of the true names and capacities (whether individual,

5    associate, corporate, or otherwise) of defendants Does 1 through 10, or any of the them,

6    and therefore sues said defendants, and each of them, by such fictitious names and will

7    amend this Complaint to include their true names and capacities, when ascertained,

8    together with appropriate charging allegations (the "Doe Defendants").

9       6.      Each of the Doe Defendants is an immediate or mediate transferee of the

10    fraudulent, or otherwise avoidable transfers, and did not take such transferred property for

11    value, in good faith, and without knowledge of the avoidability of such transfers.  (Ji Young

12    and the Doe Defendants are collectively referred to herein as the "Defendants").

13                             **GENERAL ALLEGATIONS**

14       7.      The Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of

15    the Bankruptcy Code on September 14, 2017 (the "Petition Date").

16       8.      Plaintiff was subsequently appointed as the Chapter 7 Trustee to administer

17    the Debtor's estate.

18       9.      Plaintiff does not have personal knowledge of all the facts alleged in this

19    Complaint and, therefore, alleges certain facts on information and belief.  Plaintiff

20    reserves his right to amend this Complaint to allege additional claims against the

21    Defendants and to challenge and recover transfers made to or for the benefit of the

22    Defendants in addition to those transfers alleged in this Complaint.

23       10.      The Debtor is a California corporation formed in 2008.  Until in or about

24    March 2017, the company was engaged in the textile business of manufacturing and

25    selling wholesale fabrics and accessories.

26       11.      Plaintiff is informed and believes that from September 2008 through the

27    end of year 2015, Jason Young Cho aka Youngduk Duk Cho, aka Jason Duk Cho ("J.

28    Cho") was the Chief Executive Officer and sole shareholder of the Debtor.

1    12.    Plaintiff is informed and believes that J. Cho is an insider of the Debtor as

2    that term is defined under 11 U.S.C. § 101(31)(B).

3    13.    Plaintiff is informed and believes that J. Cho and Kenny Hwang aka

4    Kyoung Sub Hwang ("Mr. Hwang") had a verbal agreement to share ownership and

5    control of the Debtor with J. Cho holding a 30% ownership interest and Mr. Hwang

6    holding a 70% ownership interest.  However, Mr. Hwang did not disclose his ownership

7    interest in the Debtor until 2016 as part of a fraudulent scheme to avoid paying his

8    creditors, including but not limited to more than $1,000,000 he owed to the Internal

9    Revenue Service ("IRS") for failing to pay, among other things, payroll taxes for other

10    corporate entities in the textile business dating back to 2007.

11    14.    Plaintiff is informed and believes that in or around the end of 2015 or

12    beginning of 2016, J. Cho transferred the Debtor to Mr. Hwang for no consideration.  At

13    the time Mr. Hwang took over ownership and control of the Debtor, he converted it to a

14    subchapter S corporation.

15    15.    Plaintiff is informed and believes that from 2016 through the Petition Date,

16    Mr. Hwang was the sole shareholder and President/Person-In-Charge of the Debtor.

17    16.    Plaintiff is informed and believes that Mr. Hwang is an insider of the Debtor

18    as that term is defined under 11 U.S.C. § 101(31)(B).

19    17.    Plaintiff is informed and believes that at all relevant times herein, Mr.

20    Hwang and J. Cho jointly managed the Debtor and had access to, and exercised control

21    over the Debtor and the Debtor's bank accounts (J. Cho and Mr. Hwang are collectively

22    referred to herein as the "Insiders").

23    18.    Plaintiff is informed and believes that from at least 2013 through the

24    Petition Date (the "Period"), the Insiders funded their lavish lifestyles by misdirecting

25    funds of the Debtor to pay for the personal expenses of themselves and their relatives.

26    The misdirection of funds was done while the Debtor was insolvent, undercapitalized,

27    and unable to pay its debts as they became due in the ordinary course of business.

28    / / /

3

1    19.    Plaintiff is informed and believes that during the Period, Mr. Hwang caused

2    the Debtor to transfer substantial amounts of money to his wife, children, and other

3    relatives in the guise of "loans" that were never repaid.

4    20.    Plaintiff is informed and believes that during the Period, Mr. Hwang used

5    the Debtor's assets to make generous intrafamily gifts, pay for private school tuition for

6    his children and other relatives, to pay for his daughter's wedding, and pay for

7    outrageously lavish spending on personal entertaining, travel, and transportation

8    expenses while ignoring the outstanding obligations of the Debtor.

9    21.    Plaintiff is informed and believes that during the Period, Mr. Hwang failed

10    to properly report wage income to frustrate tax collection efforts.

11    22.    Plaintiff is informed and believes that during the four-year period

12    immediately preceding the Petition Date, the Debtor made transfers of its property,

13    including money, directly to or for the benefit of defendant Ji Young Kim in the sum of at

14    least $167,200.00 (the "Ji Young Transfers") from one or more of the Debtor's bank

15    accounts.  The known payments that the Insiders caused to be made from one or more

16    of the Debtor's bank accounts for purposes unrelated to the Debtor or its business, are

17    those payments to Defendants listed on the attached **Exhibit A**.

18    23.    Plaintiff is informed and believes that while the Ji Young Transfers were

19    booked as "LOAN PAYMENT" or "INTEREST" by the Debtor the Debtor's records do not

20    reflect evidence of any loans made to Ji Young prior to disbursing the Ji Young

21    Transfers.

22    24.    Plaintiff is informed and believes that none of the Defendants are creditors

23    of the Debtor.  The Transfers are unrelated to the Debtor's business, and each of the

24    Transfers was made for the benefit of Defendants, and not for the benefit of the Debtor

25    or its creditors.

26    25.    Plaintiff is informed and believes that the Debtor was not legally obligated

27    to Defendants and did not receive any value in exchange for the Transfers.

28    ///

4

26.    Plaintiff is informed and believes that the Debtor had a property interest in the funds that made up the Transfers; as each of the Transfers was made for the purpose of concealing those funds from one or more of the Debtor and/or the Insider's creditors.

27.    Plaintiff is informed and believes that the Transfers were further made as part of a scheme to defraud the IRS by creating the illusion of business deductions, and improper classification of employees to offset income and avoid paying taxes to the IRS, including but not limited to paying payroll taxes.

28.    Plaintiff is informed and believes that the Transfers exceeded the total amount of value, if any, that the Defendants paid to the Debtor prior to and during the same period and the Debtor did not receive reasonably equivalent value in exchange for the Transfers.

29.    Plaintiff is informed and believes that during the Period, the Debtor had little to no unencumbered assets and owed more than $3 million dollars in outstanding trade debt, carried a $2-3 million-dollar balance owing to its factor, and was unable to pay its debts as they became due in the ordinary course of business and the Debtor was insolvent as that term is defined in 11 U.S.C. § 101(32).

**FIRST CLAIM FOR RELIEF**

**(Against All Defendants to Avoid and Recover Intentionally Fraudulent Transfers under 11 U.S.C. §§ 544(b) and 550(a), and Cal. Civ. Code §§ 3439.04(a) and 3439.07)**

30.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

31.    Plaintiff is informed and believes that during the four-year period immediately preceding the Petition Date, the Insiders caused the Debtor to make transfers of its property, including money, to or for the benefit of the Defendants that exceeded the total amount that such Defendants paid to the Debtor prior to and during such time period.  The amount is referred to herein as the "4-Year Transfers."  **Exhibit A** identifies the currently known money transfers made by the Debtor to or for the benefit of

5

1    the Defendants during this time period that are part of the 4-Year Transfers.  At this time,

2    Plaintiff lacks sufficient information to specify the total amount of money and other

3    property that comprise all of the 4-Year Transfers.  Plaintiff will seek leave to amend this

4    Complaint when it has additional information concerning the money and other property

5    that the Debtor transferred to or for the benefit of the Defendants.

6         32.    Plaintiff is informed and believes that the 4-Year Transfers were made with

7    actual intent to hinder, delay and/or defraud one or more of the Debtor's creditors.

8    Specifically, the Insiders caused the Debtor to make the 4-Year Transfers to or for the

9    benefit of the Defendants to pay for their personal expenses and fund their opulent

10   personal lifestyles and not to sustain or promote the business of the Debtor as part of an

11   intentional scheme to defraud and avoid paying one or more of the Debtor's creditors.

12        33.    Plaintiff is informed and believes that the Defendants did not take any of

13   the 4-Year Transfers for a reasonably equivalent value and/or in good faith.  Specifically,

14   the Defendants (i) knew or consciously or recklessly chose to ignore facts known to them

15   that strongly suggested that they were being paid by the Debtor because the transfers

16   were identified as emanating from that entity; (ii) knew or consciously or recklessly chose

17   to ignore facts known to them that suggested the goods and/or services, if any, that the

18   Defendants provided in exchange for those payments were not for the Debtor but rather

19   were for the Insiders or their relatives; and (iii) knew or consciously or recklessly chose

20   to ignore facts known to them that strongly suggested the goods and/or services, if any,

21   provided by them for such payments conferred no or less than substantially equivalent

22   value upon the Debtor.

23        34.    Plaintiff is informed and believes that all relevant times, the 4-Year

24   Transfers were voidable under Cal. Civ. Code §§ 3439.04(a) and 3439.07 by one or

25   more creditors who held and hold unsecured claims against the Debtor that were

26   allowable against its Estate under 11 U.S.C. § 502 or that were not and are not

27   allowable only under 11 U.S.C. § 502(e).  These creditors include, without limitation,

28   J.J.B., Inc., Pacific Sourcing Group, Bentex Cotton Industries, the IRS, and Neo Tex, Inc.

35.     At all relevant times, the Insiders caused the Debtor to conceal form one or more of its creditors, including one or more of the creditors identified in paragraph 28 of this Complaint, that it had made the Transfers with the intent to hinder, delay, or defraud one or more of such creditors, in that the Insiders had caused such transfers to be made from one or more of the Debtor's bank accounts for their personal benefit and not to benefit the Debtor or any of its creditors; and, because at all relevant times the Insiders controlled the Debtor, such fraudulent transfers alleged in this claim for relief could not have reasonably been discovered sooner than one year prior to the Petition Date.

36.     Pursuant to 11 U.S.C. §§ 544(b) and applicable California law, Plaintiff is entitled to avoid the Transfers.

37.     Pursuant to the provisions of 11 U.S.C. § 550(a), Plaintiff may recover the Transfers, plus interest at the maximum legal rate from the date the Transfers were made.

## SECOND CLAIM FOR RELIEF

**(Against All Defendants to Avoid and Recover Constructively Fraudulent Transfers of Money and Other Property under 11 U.S.C. §§ 544(b) and 550(a), and Cal. Civ. Code §§ 3439.04(b) or 3439.05 and Cal. Civ. Code § 3439.07)**

38.     Plaintiff incorporates by reference paragraphs 1-29, and of the Complaint as if fully set forth herein.

39.     Plaintiff is informed and believes that the Debtor received less than reasonably equivalent value in exchange for the 4-Year Transfers.

40.     At all relevant times within the four years immediately preceding the Petition Date, the Debtor was: (i) insolvent or became insolvent as a result of each such transfer identified in **Exhibit A** to this Complaint; (ii) was engaged or was about to engage in a business transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (iii) intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due.  Plaintiff is informed and believes that at the time each of the

1    Transfers was made, the Debtor was either insolvent or became insolvent as a result of

2    the Transfers.

3        41.    Pursuant to 11 U.S.C. §§ 544(b) and applicable California law, Plaintiff is

4    entitled to avoid the Transfers.

5        42.    Pursuant to the provisions of 11 U.S.C. § 550(a) Plaintiff may recover the

6    Transfers, plus interest at the maximum legal rate from the date the Transfers were

7    made.

8                        **THIRD CLAIM FOR RELIEF**

9    **(Against All Defendants to Avoid and Recover Intentionally Fraudulent Transfers**

10        **of Money and Other Property under 11 U.S.C. §§ 548(a)(1)(A) and 550(a))**

11        43.    Plaintiff incorporates by reference the preceding paragraphs of the

12   Complaint as if fully set forth herein.

13        44.    Plaintiff is informed and believes that during the two-year period

14   immediately preceding the Petition Date, the Insiders caused the Debtor to make

15   transfers of its property, including money, to or for the benefit of the Defendants that

16   exceeded the total amount that such Defendants paid to the Debtor prior to and during

17   such time period.  The amount is referred to herein as the "2-Year Transfers."  **Exhibit A**

18   identifies the currently known money transfers made by the Debtor to or for the benefit of

19   the Defendants during this time period that are part of the 2-Year Transfers.  At this time,

20   Plaintiff lacks sufficient information to specify the total amount of money and other

21   property that comprise all of the 2-Year Transfers.  Plaintiff will seek leave to amend this

22   Complaint when it has additional information concerning the money and other property

23   that the Debtor transferred to or for the benefit of the Defendants.

24        45.    Plaintiff is informed and believes that the 2-Year Transfers were made with

25   the actual intent to hinder, delay and/or defraud one or more of the Debtor's creditors.

26   Specifically, the Insiders caused the Debtor to make the Transfers to or for the benefit of

27   the Defendants to pay for personal expenses and fund their opulent personal lifestyles

28   and personal proclivities and not to sustain or promote the business of the Debtor as

1  part of an intentional scheme to defraud and avoid paying one or more of the Debtor's

2  creditors.

3      46.    Plaintiff is informed and believes that the Defendants did not take any of

4  the Transfers for a reasonably equivalent value and/or in good faith.  Specifically, the

5  Defendants (i) knew or consciously or recklessly chose to ignore facts known to them

6  that strongly suggested that they were being paid by the Debtor because the transfers

7  were identified as emanating from that entity; (ii) knew or consciously or recklessly chose

8  to ignore facts known to them that suggested the goods and/or services, if any, that the

9  Defendants provided in exchange for those payments were not for the Debtor but rather

10  were for the Insiders or their relatives; and (iii) knew or consciously or recklessly chose

11  to ignore facts known to them that strongly suggested the goods and/or services, if any,

12  provided by them for such payments conferred no or less than substantially equivalent

13  value upon the Debtor.

14      47.    Pursuant to 11 U.S.C. § 548(a)(1)(A) Plaintiff is entitled to avoid the

15  Transfers.

16      48.    Pursuant to the provisions of 11 U.S.C. § 550(a), Plaintiff may recover the

17  Transfers, plus interest at the legal rate from the date the Transfers were made.

18                          **FOURTH CLAIM FOR RELIEF**

19      **(Against All Defendants to Avoid and Recover Constructively Fraudulent**

20  **Transfers of Money and Other Property under 11 U.S.C. §§ 548(a)(1)(B) and 550(a))**

21      49.    Plaintiff incorporates by reference paragraphs 1-29 of the Complaint as if

22  fully set forth herein.

23      50.    Plaintiff is informed and believes that the Debtor received less than

24  reasonably equivalent value in exchange for the 2-Year Transfers.

25      51.    At all relevant times within the two years immediately preceding the

26  Petition Date, the Debtor was: (i) insolvent or became insolvent as a result of each such

27  transfer identified in **Exhibit A** to this Complaint; (ii) was engaged or was about to

28  engage in a business transaction for which its remaining assets were unreasonably

1  small in relation to the business or transaction; or (iii) intended to incur, or believed or

2  reasonably should have believed that it would incur debts beyond its ability to pay as

3  they became due.  Plaintiff is informed and believes that at the time each of the

4  Transfers was made, the Debtor was either insolvent or became insolvent as a result of

5  the Transfers.

6      52.    Pursuant to 548(A)(1)(B), Plaintiff is entitled to avoid the Transfers.

7      53.    Pursuant to the provisions of 11 U.S.C. § 550(a) Plaintiff may recover the

8  Transfers, plus interest at the maximum legal rate from the date the Transfers were

9  made.

**FIFTH CLAIM FOR RELIEF**

**(Against All Defendants, To Recover Fraudulent Transfers of Money and Other**

**Property under 11 U.S.C. § 550(a)(2))**

13      54.    Plaintiff incorporates by reference the preceding paragraphs of the

14  Complaint as if fully set forth herein.

15      55.    To the extent that the Defendants, named and unnamed, are not the initial

16  transferees of the transfers referred to in this Complaint, such Defendants are immediate

17  or mediate transferees of the initial transferee of such payments.

18      56.    To the extent that the Defendants, named and unnamed, are not the initial

19  transferees of the transfers referred to in this Complaint, such Defendants are immediate

20  or mediate transferees of the initial transferee of the transfers referred to in this

21  Complaint, such Defendants did not take such transfers for value and/or in good faith

22  and/or without knowledge of the availability of such transfers.

23      57.    Each of the transfers referred to in this claim for relief is recoverable from

24  such Defendants, named and unnamed, as an immediate or mediate transferee of the

25  transfers that the Insiders caused the Debtor to make to the initial transferees thereof.

26    **WHEREFORE**, Plaintiff, on behalf of the Estate, prays for judgment against the

27  Defendants, and each of them, as follows:

28

1   a.  On the first claim for relief, for a judgment against the Defendants that (i)

2 avoids the 4-Year Transfers from Debtor to or for the benefit of the Defendants, (ii)

3 imposes a constructive trust on the 4-Year Transfers and any proceeds thereof, and (iii)

4 requires the Defendants to return those transfers and their proceeds, or their value, to the

5 Plaintiff for the benefit of the estate.

6   b.  On the second claim for relief, for a judgment against the Defendants that (i)

7 avoids the 4-Year Transfers from Debtor to or for the benefit of the Defendants, (ii)

8 imposes a constructive trust on the 4-Year Transfers and any proceeds thereof, and (iii)

9 requires the Defendants to return those transfers and their proceeds, or their value, to the

10 Plaintiff for the benefit of the estate.

11   c.  On the third claim for relief, for a judgment against the Defendants that (i)

12 avoids the 2-Year Transfers from Debtor to or for the benefit of the Defendants, and (ii)

13 requires the Defendants to return those transfers and their proceeds, or their value, to the

14 Plaintiff for the benefit of the estate.

15   d.  On the fourth claim for relief, for a judgment against the Defendants that (i)

16 avoids the 2-Year Transfers from Debtor to or for the benefit of the Defendants, and (ii)

17 requires the Defendants to return those transfers and their proceeds, or their value, to the

18 Plaintiff for the benefit of the estate.

19   e.  On the fifth claim for relief, for a judgment against all Defendants that

20 requires them to return to the Plaintiff, for the benefit of the Estate all transfers avoided by

21 this Complaint

22   f.  For interest at the legal rate on all damages and sums awarded to the

23 Plaintiff for the benefit of the Estate; and

24   g.  For such other and further relief as this Court deems just and proper.

25 DATED: September 13, 2019     **MARGULIES FAITH, LLP**

26            By: */s/ Meghann A. Triplett*

27             Meghann A. Triplett
              Attorneys for Plaintiff Peter J. Mastan,
28             Chapter 7 Trustee

# Exhibit A

**Keystone Textiles, Inc.**
**Case No. 2:17-bk-21270-ER**

**Ji Young Kim Payments**

| Bank Account | Check Date | Clr Date | Num | Name | Memo (QB) | Amount |
|---|---|---|---|---|---|---|
| BBCN BANK #1701 (General) | 10/07/2013 | | 12976 | JI YOUNG KIM | | 50,000.00 |
| BBCN BANK #1701 (General) | 12/26/2013 | | 13414 | JI YOUNG KIM | LOAN PMT | 30,000.00 |
| BBCN BANK #1701 (General) | 12/26/2013 | | 13409 | JI YOUNG KIM | LOAN PMT | 20,000.00 |
| BBCN BANK #1702 (Payroll) | 02/21/2014 | | 53282 | | JK - Interest Exp | 1,000.00 |
| BBCN BANK #1701 (General) | 03/21/2014 | | 13736 | JI YOUNG KIM | LOAN PMT | 50,000.00 |
| BBCN BANK #1701 (General) | 03/28/2014 | | 13917 | JI YOUNG KIM | interest | 3,000.00 |
| BBCN BANK #1702 (Payroll) | 06/27/2014 | | 53507 | JI YOUNG KIM | JK LOAN INTREST | 2,000.00 |
| BBCN BANK #1702 (Payroll) | 07/18/2014 | | 53502 | JI YOUNG KIM | JK LOAN INTREST | 2,000.00 |
| BBCN BANK #1702 (Payroll) | 08/21/2014 | | 53503 | JI YOUNG KIM | JK LOAN INTREST | 2,000.00 |
| BBCN BANK #1701 (General) | 09/30/2014 | | 14926 | JI YOUNG KIM | INTREST | 2,000.00 |
| BBCN BANK #1701 (General) | 10/03/2014 | | 14966 | JI YOUNG KIM | INTREST / BYD | 2,000.00 |
| BBCN BANK #1702 (Payroll) | 10/27/2014 | | 53751 | JI YOUNG KIM | INTEREST - BYD 3/5 2MO | 3,200.00 |
| | | | | | | **167,200.00** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS [11 U.S.C. 544(b) 548(a)(1)(A) and 550(a), and Cal. Civ. Code §§ 3439.04(a) and 3439.07]; (2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS [11 U.S.C. §§ 544(b), 548(a)(1)(B), and 550(a), and Cal. Civ. Code §§ 3439.04(b) or 3439.05 and Cal. Civ. Code § 3439.07]; AND (3) RECOVERY OF AVOIDED TRANSFER [11 U.S.C.§ 550(a)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On **September 14, 2019,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On **September 14, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:** Honorable Ernest M. Robles, U.S. Bankruptcy Court, 255 E. Temple St., Ste. 1560, Los Angeles, CA 90012

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 14, 2019 | Helen Cardoza | /s/ Helen Cardoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* 

**F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION (if needed):

### 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

**INTERESTED PARTY:  Michael W Davis**    mdavis@bg.law, ecf@bg.law

**ATTORNEY FOR CHAPTER 7 TRUSTEE: Jeremy Faith**    Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;David@MarguliesFaithLaw.com;Victoria@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com;Dana@marguliesfaithlaw.com

**REPRESENTATIVE FOR FRANCHISE TAX BOARD: Vivian Ho**    BKClaimConfirmation@ftb.ca.gov

**ATTORNEY FOR DEBTOR:  Christian T Kim**    ckim@dumas-law.com, ckim@ecf.inforuptcy.com

**ATTORNEY FOR CHAPTER 7 TRUSTEE:  Noreen A Madoyan**    Noreen@MarguliesFaithLaw.com,
Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;David@MarguliesFaithLaw.com;Dana@marguliesfaithlaw.com

**CHAPTER 7 TRUSTEE: Peter J Mastan (TR)**    peter.mastan@dinsmore.com,
pmastan@iq7technology.com;travis.terry@dinsmore.com

**ATTORNEY FOR CHAPTER 7 TRUSTEE:  Meghann A Triplett**    Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;David@MarguliesFaithLaw.com;Noreen@MarguliesFaithlaw.com;Dana@marguliesfaithlaw.com

**UST: United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**